UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ZUHIR ZIN EDDIN,<br><br>          Petitioner,<br><br>          v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, et al.,<br><br>          Respondents. | Case No. 2:25-cv-04817-JFW (DTB)<br><br>**ORDER REQUIRING RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS (FEDERAL CUSTODY)** |

In order to facilitate the just, speedy, and inexpensive determination of this action, with respect to the Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition") (Docket No. 1),**IT IS ORDERED** that:

1. The Clerk of this Court shall promptly: (a) Serve a copy of the Petition and a copy of this Order on Respondent by delivering them to the United States Attorney for the Central District of California or his authorized agent; and (b) serve a copy of this order on Petitioner.

2. The Clerk shall also serve Petitioner with a copy of the form Consent to Proceed Before a United States Magistrate Judge (Form CV-11B) along with this

1

Order.  If Petitioner wishes to exercise the consent option, he shall file a completed Consent to Proceed Before a United States Magistrate Judge form with the court and serve Respondent with the same **within fourteen (14) days** of the service date of this Order.  If Respondent wishes to exercise the consent option, Respondent may do so by filing and serving a completed consent form or notice of consent prior to or concurrent with filing a motion to dismiss or answer.  The parties are free to withhold consent without adverse substantive consequences.

3. Respondent shall e-file and serve a notice of appearance that designates the Assistant United States Attorney(s) in charge of the case **within fourteen (14) days** of the service date of this Order.

4. If Respondent contends that the Petition can be decided without the Court reaching the merits of Petitioner's claims (*e.g.*, because Respondent contends that the Court lacks subject matter jurisdiction or that Petitioner has failed to exhaust administrative remedies), Respondent shall file a motion to dismiss **within sixty (60) days** of the date of this Order.[1]  The motion to dismiss shall not address the merits of Petitioner's claims, but rather shall be confined to the basis for Respondent's contention that dismissal without reaching the merits of Petitioner's claims is warranted.[2]  At the time the motion to dismiss is filed, Respondent shall lodge with the Court all records bearing on Respondent's contention in this regard.

5. If Respondent files a motion to dismiss, Petitioner shall file his opposition, if any, to the motion **within thirty (30) days** of the date of service thereof.  At the time the opposition is filed, Petitioner shall lodge with the Court any records not

---

[1]    If Respondent contends that some or all of Petitioner's claims are procedurally defaulted, such contention should not be made in a motion to dismiss, but rather should be made in an answer to the Petition that addresses the allegedly defaulted claims on the merits in the alternative.

[2]    If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, the motion to dismiss shall also specify the state remedies still available to Petitioner.

lodged by Respondent that Petitioner believes may be relevant to the Court's determination of the motion.

6. Unless the Court orders otherwise, Respondent shall not file a reply to Petitioner's opposition to a motion to dismiss. If the motion is denied, the Court will afford Respondent adequate time to answer Petitioner's claims on the merits.

7. If Respondent does not contend that the Petition can be decided without the Court reaching the merits of Petitioner's claims, then Respondent shall file and serve an answer to the Petition **within seventy-five (75) days** of the date of this Order. At the time the answer is filed, Respondent shall lodge with the Court all records bearing on the merits of Petitioner's claims. The answer shall also specifically address the necessity for an evidentiary hearing to resolve any issue.

8. Petitioner may file a single reply responding to matters raised in the answer **within thirty (30) days** of the date of service thereof. Any reply filed by Petitioner: (a) Shall state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive to matters raised in the answer; and (c) shall not raise new grounds for relief that were not asserted in the Petition. Grounds for relief withheld until the reply will not be considered, unless the Court grants leave to amend the Petition. No reply shall exceed twenty-five (25) pages in length absent advance leave of Court for good cause shown.

9. A request by a party for an extension of time within which to file any of the pleadings required hereunder will be granted only upon a showing of good cause and should be made in advance of the due date of the pleading. Any such request shall be accompanied by a declaration explaining why an extension of time is necessary and by a proposed form of order granting the requested extension.

10. Unless otherwise ordered by the Court, this case shall be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or reply is due.

11. Every document filed in the Clerk's Office or delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel). Any document delivered to the Court without a certificate of service may be returned to the submitting party and will be disregarded by the Court.

12. Respondent shall, in every pleading it files with the court that includes exhibits, tab those exhibits in such a manner that they can be readily identified and accessed by the court. In addition, Respondent shall label each document with the corresponding number of the document indicated in the Notice of Lodgment.

13. If Petitioner wishes to receive a conformed copy of a document filed with the court, he shall submit one original and one copy of the document.

14. Petitioner shall immediately notify the Court and counsel for Respondent of any change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute. See Local Rule 41-6.

Dated: June 3, 2025

_____
DAVID T. BRISTOW
United States Magistrate Judge

4